Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOHNNY E. VÉLEZ MARTÍNEZ<br><br>Peticionario | KLCE202400890 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: C LA2017G0141<br>Salón Núm.: 0304<br><br>Sobre:<br>A 5.01 Fabricación, Venta y Distribución |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de octubre de 2024.

Comparece el señor Johnny E. Vélez Martínez (el señor Vélez Martínez o peticionario) a fin de disputar la determinación post-sentencia del Tribunal de Primera Instancia, Sala de Arecibo. En dicho dictamen, se denegó eximir al peticionario de la pena especial impuesta al amparo del Artículo 61 del Código Penal de 2012, 33 LPRA sec. 5094. A tenor con las disposiciones de la Ley para la Imposición de la Pena Especial del Código Penal de Puerto Rico, Ley Núm. 36-2021 (4 LPRA 1661 *et seq*.), el señor Vélez Martínez recurre ante este Tribunal con el propósito de poder beneficiarse de ciertos programas de educación y rehabilitación dentro de la cárcel.

Al respecto, dicha Ley Núm. 36 dispone como "política pública del Estado Libre Asociado de Puerto Rico garantizar la igual protección de las leyes a toda persona convicta que por su condición social no

pueda satisfacer la pena especial establecida en el Código Penal de Puerto Rico [, de] manera que dicha persona pueda ser acreedora de los beneficios y privilegios que nuestro ordenamiento jurídico ofrece en pro de su rehabilitación moral y social". Sec. 2 de la Ley Núm. 36-2021 (4 LPRA sec. 1662). Para viabilizar tal política pública, el estatuto estableció la posibilidad de eximir del pago de la pena especial por el tribunal *motu proprio* o a petición del convicto, siempre y cuando se cumplan con alguna de las siguientes tres (3) condiciones: (1) que el Ministerio Público no presente objeción fundada; (2) que la persona es un indigente representado por la Sociedad de Asistencia Legal, alguna institución que conceda representación a indigentes o abogado de oficio; o (3) que el tribunal consta la indigencia del convicto. Íd., sec. 1664. Asimismo, la Ley Núm. 36 establece que se presumirá la indigencia cuando el convicto esté representado por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos. Íd.

En este caso, el peticionario solicitó la exención de la pena especial luego de dictada la sentencia—según lo autoriza la referida Ley Núm. 36—ante lo cual el foro de primera instancia denegó su pedido mediante la notificación de un "No ha lugar". De acuerdo con el razonamiento que nos presenta el Procurador General, correspondía que el Tribunal recurrido celebrara una vista previo a su determinación y nos invita a devolver el caso al foro de primera instancia a esos fines. Sin embargo, lo cierto es que al abordar la controversia desde la perspectiva de la política pública establecida a favor de que una persona indigente se beneficie de los ofrecimientos atinentes a su rehabilitación, el hecho de que el peticionario fuera defendido por la Sociedad de

Asistencia Legal activó la presunción de indigencia dispuesta en la Ley Núm. 36, por lo que la ausencia de vista solo supuso que tal presunción quedara incólume. En tales circunstancias, la decisión de no celebrar una vista comportaba desde luego la autorización de la exención pretendida. Por tanto, el Tribunal de Primera Instancia erró al denegar la solicitud de exención de pena especial que se le hiciera en ausencia de prueba que derrotara la presunción establecida.

Por las consideraciones expuestas, se expide el auto solicitado, se revoca la determinación impugnada y se ordena la eliminación de la pena especial dispuesta en los casos que involucra el presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones